ACCEPTED
03-15-00497-CV
7485009
THIRD COURT OF APPEALS
AUSTIN, TEXAS
10/21/2015 5:48:53 PM
JEFFREY D. KYLE
CLERK

## NO. 03-15-00497-CV

### IN THE COURT OF APPEALS
### FOR THE THIRD DISTRICT OF TEXAS,
### AT AUSTIN, TEXAS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
10/21/2015 5:48:53 PM
JEFFREY D. KYLE
Clerk

KAREN E. LANDA,
Appellant

v.

CHARLES L. FARRIS,
Appellee.

On Appeal from the 98th Judicial District Court, Travis County
Honorable Judge Triana Presiding

### APPELLANT'S BRIEF

**HANCE SCARBOROUGH LLP**
Terry L. Scarborough
State Bar No. 17716000
TScarborough@hslawmail.com
V. Blayre Pena
State Bar No. 24050372
BPena@hslawmail.com
400 W. 15th Street, Ste. 950
Austin, TX 78701
Telephone: (512) 479-8888
Facsimile: (512) 482-6891
**ATTORNEYS FOR APPELLANT**
**KAREN E. LANDA**

### ORAL ARGUMENT REQUESTED

# I. IDENTITY OF PARTIES AND COUNSEL

Pursuant to Texas Rule of Appellate Procedure 38.1(a), the parties to the judgment at issue in this appeal are:

| **APPELLANT** | **ATTORNEYS FOR APPELLANT** |
|---|---|
| Karen E. Landa | **Trial and Appellate Counsel**<br>Terry L. Scarborough<br>V. Blayre Pena<br>Hance Scarborough LLP<br>400 W. 15th Street, Ste. 950<br>Austin, Texas 78701 |
| **APPELLEE** | **ATTORNEYS FOR APPELLEE** |
| Charles L. Farris | **Trial and Appellate Counsel**<br>Guillermo Ochoa-Cronfel<br>The Cronfel Firm<br>2700 Bee Cave Rd., Ste. 103<br>Austin, Texas 78746 |

# II.   TABLE OF CONTENTS

I.   IDENTITY OF PARTIES & COUNSEL ……………….…..…………..ii

II.   TABLE OF CONTENTS ……………………………….…………………iii

III.   INDEX OF AUTHORITIES ………………………………………….iv, v

IV.   STATEMENT OF THE CASE ………………………………………….vi

V.   STATEMENT REGARDING ORAL ARGUMENT …………………..vii

VI.   ISSUES PRESENTED………………………………………………viii

VII.   STATEMENT OF THE FACTS ………….…………………………..1
   A. Background Information about Landa……………………………1
   B. Facts Related to the Transaction in Dispute …………………………...2
   C. Other Intermittent Contacts with Texas After Transaction
      until Suit Filed…………………………………………………………4
   D. Procedural History………………………………………………..5

VIII.   SUMMARY OF THE ARGUMENT………………………………….6

IX.   ARGUMENT AND AUTHORITIES……...………………………….7
   A. Standard of Review………………………………………………7
   B. The Texas long-arm statute…………......…………………………...8
   C. Farris failed to meet his initial burden to bring Landa under the Texas
      long-arm statute (Issue 1) ……………………….………………8
   D. The trial court does not have specific jurisdiction over Landa
      (Issue 2)…………………………………………….…...10
   E. The trial court does not have general jurisdiction over Landa
      (Issue 3)……………………………………………...16

X. CONCLUSION………………………………………………..19

CERTIFICATE OF COMPLIANCE…………………………………...21

CERTIFICATE OF SERVICE …………………………….…………22

APPENDIX……………………………………………..23

# III. INDEX OF AUTHORITIES

*Cases*

*Argo Data Res. Corp. v. Shagrithaya*, 380 S.W.3d 249 (Tex. App.—Dallas 2012, pet. denied) ................................................................................. 14, 15

*BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789 (Tex. 2002).................7, 8

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985)...........................................11

*Citrin Holdings, L.L.C. v. Minnis*, 305 S.W.3d 269 (Tex. App.—Houston [14th Dist.] 2009, no pet.)........................................................................................12, 13

*CSR, Ltd. v. Link*, 925 S.W.2d 591 (Tex. 1996) ............................................. 10, 16

*Daimler AG v. Bauman*, 132 S. Ct. 746 (2014) ................................................ 7, 16

*Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846 (2011) .. 16, 17

*Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408 (1984).............10

*Johnston v. Multidata Systems Intern'l Corp.*, 523 F.3d 602 (5th Cir. 2008).........17

*Kelly v. General Interior Constr. Inc.*, 301 S.W.3d 653, (Tex. 2010).............. 7, 8, 9

*Locke v. Ethicon, Inc.*, 58 F. Supp. 3d 757 (S.D. Tex. 2014).................................17

*Mi Gwang Contact Lens Co. v. Chapa*, 2015 Tex. App. LEXIS 5872 (Tex. App.—Corpus Christi 2015, no pet. h.) ........................................................................17

*Michiana Easy Livin' Country, Inc. v. Holten*, 168 S.W.3d 777 (Tex. 2005).........10

*Moki Mac River Expeditions v. Drugg*, 221 S.W.3d 569 (Tex. 2007) ....................10

*Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429 (5th Cir. 2014) ..........................17

*PHC-Minden, L.P. v. Kimberly-Clark Corp.*, 235 S.W.3d 163 (Tex. 2007)…………………………………………………………………7, 16, 17

*Pillai v. Pillai*, 2015 Tex. App. LEXIS 2446 (Tex. App.—Amarillo 2015, no pet.) (mem. op.)................................................................................................. 11, 13, 14

*Retamco Operating Inc. v. Republic Drilling, Inc.*, 278 S.W.3d 333 (Tex. 2009)..11

*Turner Schilling, L.L.P. v. Gaunce Mgmt.*, 247 S.W.3d 447 (Tex. App.—Dallas 2008, no pet.) ................................................................................................12

*Waterman S.S. Corp. v. Ruiz*, 355 S.W.3d 387 (Tex. App.—Houston [1st Dist.] 2011, pet. denied) ...............................................................................................8

### Statutes

Tex. Civ. Prac. & Rem. Code §§17.041-.045 ..........................................................8

# IV. STATEMENT OF THE CASE

*Nature of Case:*   Charles L. Farris ("Farris" or "Appellee") is an individual residing in Travis County, Texas who brought suit against Karen E. Landa ("Landa" or "Appellant"), a resident of Iowa, alleging breach of contract and fraud in relation to money given by Farris to Landa to make a down payment on a home, located in West Des Moines, Iowa, purchased by Landa. Landa subsequently filed a Special Appearance challenging the trial court's jurisdiction over her.

*Trial Court:*   The Honorable Gisela Triana of the 200th Judicial District Court, Travis County, Texas.

*Trial Court's Actions:*   The trial court denied Landa's Special Appearance.

## V.    STATEMENT REGARDING ORAL ARGUMENT

Landa requests oral argument.  Oral argument would assist this Court in understanding the underlying facts of the case and how the governing law should apply to them as the trial court declined to issue findings of fact and conclusions of law.

# VI. ISSUES PRESENTED

The issues presented on appeal are as follows:

1. The trial court erred in holding that Farris met his initial burden to bring Landa under the Texas long-arm statute.

2. The trial court erred in finding that it has specific jurisdiction over Landa.

3. The trial court erred in finding that it has general jurisdiction over Landa.[1]

---

[1] The trial court's order denying Landa's special appearance does not specify whether the court found that it had specific or general jurisdiction over Landa (or both). As such, this appeal addresses how a finding of either constitutes reversible error by the trial court.

**TO THE HONORABLE THIRD COURT OF APPEALS:**

This appeal arises out of the Trial Court's decision to deny Karen E. Landa's ("Landa") special appearance, when Charles L. Farris ("Farris") failed to plead sufficient facts demonstrating the court had jurisdiction, and when the evidence conclusively established Landa is an Iowa resident and the dispute concerned property located in Iowa. Deciding the court has jurisdiction over Landa violates all notions of fair play and due process, and as such, the Trial Court's ruling should be reversed.

## VII.   STATEMENT OF THE FACTS

This lawsuit concerns allegations by Farris that Landa breached a contract and committed fraud in relation to money Farris provided to Landa for the purchase of real property in Iowa.[2]  Specifically, in February 2011 Farris gave Landa money to serve as the down payment on a house she purchased in West Des Moines, Iowa that same month.[3]

### A.    Background Information about Landa

Landa is an individual who resides in Urbandale, Iowa and is thus a nonresident defendant.[4]  Farris and Landa are former spouses, having been married

---

[2] Clerk's Record ("CR") pp. 15-19.

[3] CR p. 4. Whether the money was a gift or a loan is an issue in dispute.

[4] See CR p. 3; CR pp. 9-11; See also Reporter's Record ("RR") p. 80.  Note that all citations to specific pages of the Reporter's Record shall refer to Volume 2 of the Reporter's Record, and that all references to exhibits shall be Volume 3.

1

from approximately 1985 to 1991.[5] Farris and Landa have one child together (a son), and Farris also adopted Landa's daughter from a prior marriage.[6]

Landa moved to Texas from Iowa in 1978[7] and lived in either Travis County or Williamson County from 1978, until the summer of 2010.[8] In the summer of 2010 Landa left Austin to reside in Michigan until September 2010, at which point she traveled to New York where she resided until late October 2010.[9] On or about November 1, 2010, Landa moved to Des Moines, Iowa to reside with her mother who was suffering from terminal cancer.[10] Landa continued to reside in Iowa at all relevant times to this dispute. Landa intended to keep her residence in Iowa as demonstrated by the fact that she filed state tax returns in Iowa for the last five years.[11]

## B.     Facts Related to the Transaction in Dispute

On December 17-19, 2010, Landa traveled to Dallas, Texas, to spend the weekend with Farris at the suggestion of Farris.[12] During this weekend the parties generally discussed the possibility of Farris providing a down payment to assist

---

[5] RR p. 96.
[6] RR p. 48.
[7] RR p. 32.
[8] RR p. 34.
[9] RR pp. 37-39.
[10] RR p. 39.
[11] RR pp. 62-63; RR Landa's Exhibits 1-4.
[12] RR pp. 49-50.

Landa in purchasing a house in Iowa.[13]   However, per Farris's testimony, the focus of the weekend was not to discuss the money, but "just to get together and enjoy each other's company and have a good time in Dallas."[14]

During this meeting, the parties did not discuss a specific amount of money, a specific house, or any loan terms.[15]  It was not until Landa returned to Iowa that she chose a house.[16]  Farris subsequently agreed to provide the down payment for the house.[17]  No written agreement, such as re-payment terms, interest rate, or place of payment, was entered into between Farris and Landa, and Farris has failed to introduce any evidence to the contrary.

In order to qualify for financing, Farris and Landa were required to open a joint checking account with Bankers Trust in Iowa, which they did.[18]  On February 24, 2011, Farris transferred $22,179.86 to the Iowa Bankers Trust joint checking account.[19]  On February 25, 2011, Farris transferred $67,000.00 to the Iowa Bankers Trust joint checking account.[20]  Landa closed on the house in Iowa on February 28, 2011.[21]  On April 21, 2011, Landa mailed a copy of the warranty deed for the house,

---

[13] RR pp. 50-51
[14] RR pp. 116-17.
[15] RR p. 116.
[16] RR p. 99.
[17] RR pp. 51-52.
[18] RR pp. 66-67; CR p. 17.
[19] RR p. 102 and RR Farris's Exhibit 6.
[20] RR p.102 and RR Farris's Exhibits 6 and 7.
[21] RR p. 68.

along with other closing documents, to Farris.[22] The documents were deposited into a mailbox in West Des Moines, Iowa.[23] Landa resided in the house in Iowa until selling it in July 2013.[24] In sum, every important facet of the transaction in question occurred in Iowa.

## C. Other Intermittent Contacts with Texas After Transaction until Suit Filed

Landa's only contacts with Texas after the transaction in dispute are as follows:

- In February 2012, Landa traveled to Texas to attend a ceremony in Farmersville, Texas to bury her mother's ashes at a family grave.[25]

- On the weekend of May 12, 2012, Landa traveled to Austin, Texas to attend the 80th birthday party of a close friend.[26] While in Austin during this trip, Landa hand delivered a check to Farris for $15,000.00 because he had informed Landa that he needed some financial assistance.[27]

- In June 2013, Landa traveled to Austin to interview for a potential job in furtherance of possibly moving back in an attempt to reconnect with her son.[28]

---

[22] RR p. 56.
[23] RR Farris's Exhibit 8.
[24] RR p. 80
[25] RR p. 56.
[26] RR p. 57-58.
[27] RR p. 58.
[28] RR p. 58-59

4

- On August 1, 2013, and for approximately eight months, Landa temporarily stayed in Travis County for the purpose of trying to reconnect with her children, and to hopefully participate in her son's upcoming wedding.[29] However, Landa left the majority of her personal belongings in Iowa because she did not know how long she was going to stay.[30] Landa did not purchase or lease a house, but instead stayed at a friend's house in Lakeway, Texas.[31]

- In order to have income during her stay in Travis County, Landa, for a brief period, sold insurance in Texas.[32] Landa maintains a nonresident insurance license in Texas, although she has not engaged in selling insurance in Texas since spring of 2014.[33]

In April 2014, Landa moved back to Iowa, where she has resided ever since.[34] Landa has no other significant contacts with Texas over the last five years except for those set forth above.

## D. Procedural History

On November 7, 2014, after Landa moved back to Iowa, Farris filed suit against Landa alleging breach of contract and fraud, in relation to money given to

---

[29] RR p. 42.
[30] RR p. 59.
[31] *Id.*
[32] RR pp. 44-45.
[33] RR p. 35 and 44-46.
[34] RR p. 60.

Landa.[35]  Landa was served at her residence in Urbandale, Iowa.  Landa filed a Special Appearance challenging the trial court's personal jurisdiction over her.[36]  An evidentiary hearing was held on Landa's Special Appearance on July 2, 2015.[37]  On July 21, 2015, the Trial Court issued an order denying Landa's Special Appearance.[38]  Although Landa requested findings of fact and conclusions of law, none were entered.[39]  Landa subsequently filed a Notice of Appeal on August 6, 2015.[40]

## VIII.  SUMMARY OF THE ARGUMENT

The trial court committed three reversible errors in denying Landa's special appearance.  First, the trial court erred in holding that Farris met his initial burden to allege sufficient facts to bring Landa within the reach of the Texas long-arm statute.  Farris's First Amended Petition does not contain sufficient allegations to bring Landa within the trial court's jurisdiction, and as such the trial court should have granted Landa's special appearance when Landa established that she is a nonresident of Texas.

Second, the alleged liability in this case does not arise from any of Landa's contacts with the forum, and thus the trial court does not have specific jurisdiction

---

[35] CR pp. 4-7.
[36] CR pp. 9-11.
[37] RR p. 1.
[38] CR p. 31.
[39] CR pp. 37-38.
[40] CR p. 32.

over Landa. Accordingly, the trial court erred to the extent that its denial of Landa's special appearance is based on a finding of specific jurisdiction.

Third, Texas has historically imposed a very high standard to find general jurisdiction, and the United States Supreme Court has recently all but shut the door on general jurisdiction based on a defendant's contacts with the forum, when those contacts are not related to the claim. *See, e.g., Daimler AG v. Bauman*, 132 S. Ct. 746 (2014); *PHC-Minden, L.P. v. Kimberly-Clark Corp.*, 235 S.W.3d 163 (Tex. 2007). The evidence in this matter shows that Landa's general contacts with the forum come nowhere near meeting the high standard required for such a finding. Accordingly, the trial court erred to the extent that its denial of Landa's special appearance is based on a finding of general jurisdiction.

## IX.     ARGUMENT AND AUTHORITIES

### A.     Standard of Review

Whether a court has personal jurisdiction over a defendant is a question of law that is reviewed de novo. *BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 794 (Tex. 2002); *see also Kelly v. General Interior Constr. Inc.*, 301 S.W.3d 653, 658 (Tex. 2010). Before determining the jurisdictional question, the trial court must frequently resolve questions of fact. *Id.* If a trial court does not issue findings of fact and conclusions of law with its special appearance ruling, all facts necessary to support the judgment and supported by the evidence are implied. *Id.* at 795.

7

However, when the appellate record includes the reporter's and clerk's records, these implied findings are not conclusive and may be challenged for legal and factual sufficiency on appeal. *Id*. To the extent that the underlying facts are undisputed, the Court of Appeals conducts a de novo review. *Waterman S.S. Corp. v. Ruiz*, 355 S.W.3d 387, 402 (Tex. App.—Houston [1st Dist.] 2011, pet. denied).

Here, findings of fact and conclusions of law were requested, but not entered. The reporter's record and clerk's record have been filed, and as such, any potential implied findings are not conclusive in this case.

**B. The Texas long-arm statute.**

The Texas long-arm statute governs Texas courts' exercise of jurisdiction over nonresident defendants. Tex. Civ. Prac. & Rem. Code §§17.041-.045. However, while the language of this statute is broad, it is limited by the federal constitutional requirements of due process. *BMC Software*, 83 S.W.3d at 795. Thus, Texas courts rely on precedent from the United States Supreme Court and other federal courts, as well as their own decisions, in determining whether a nonresident defendant has negated all bases of alleged jurisdiction. *Id*. at 795-96.

**C. Farris failed to meet his initial burden to bring Landa under the Texas long-arm statute (Issue 1).**

A plaintiff bears the initial burden to plead sufficient allegations to bring a nonresident defendant within the reach of the Texas long-arm statute (i.e. that the

8

defendant committed a tort in Texas or conducted business in Texas). *See Kelly*, 301 S.W.3d at 658-59. If a plaintiff does not allege a sufficient basis for personal jurisdiction over the defendant, then the defendant need only prove that she is a nonresident to negate jurisdiction. *Id.* Because Farris failed to meet his initial burden, Landa's special appearance should have been granted.

Farris's First Amended Petition contains no allegations that Landa committed a tort in Texas.[41] Similarly, it contains no allegations that Landa conducted business in Texas as to the transaction in question. To the contrary, the vast majority of the "facts" alleged in Farris's First Amended Petition admit that the relevant issues in this case occurred in Iowa. For example, Plaintiff admits that the house to be purchased was in Iowa, that the lender was in Iowa and that he wired money to a joint bank account in Iowa.[42] The only mention of any activity related to the transaction that occurred in Texas is a brief initial meeting in Dallas between the parties (during which no agreement was entered into, as set forth in more detail below) and some of Farris's alleged contractual obligations, which are irrelevant, such as his allegation that he liquidated a CD with his bank in Austin to fund the transfer and that he sent the funds to Iowa from a bank in Austin.[43]

---

[41] CR pp. 15-21.
[42] CR p. 17.
[43] *Id.*

9

Accordingly, Farris failed to meet his initial burden as his allegations do not sufficiently allege a basis for personal jurisdiction over Landa. Thus, Landa negated personal jurisdiction when she affirmed that she is not a resident of Texas.[44] The trial erred when it did not grant Landa's special appearance on this basis.[45]

**D. The trial court does not have specific jurisdiction over Landa (Issue 2).**

Specific jurisdiction is defined as jurisdiction "arising out of or related to the defendant's contacts with the forum." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984); *see also CSR, Ltd. v. Link*, 925 S.W.2d 591, 595 (Tex. 1996). In other words, there must be "a substantial connection between [the nonresident's contacts with the forum] and the operative facts of the litigation." *Moki Mac River Expeditions v. Drugg,* 221 S.W.3d 569, 585 (Tex. 2007). Specific jurisdiction is not established merely by allegations or evidence that a nonresident committed a tort in the forum state or "directed a tort" at the forum state. *Michiana Easy Livin' Country, Inc. v. Holten*, 168 S.W.3d 777, 790-92 (Tex. 2005). Instead, the touchstone is whether the Landa purposefully availed herself of conducting activities within the forum state, thus invoking the benefits and

---

[44] CR pp. 9-11.

[45] The trial court did not rule on this issue during the hearing, instead opting to carry the issue and to continue with hearing under the trial court's assumption that the plaintiff had met his burned. RR p. 31. Thus, the court's denial of Landa's special appearance indicates that it ultimately found that the Farris met his initial burden.

protections of its law. *Retamco Operating Inc. v. Republic Drilling, Inc.*, 278 S.W.3d 333, 338 (Tex. 2009).

Whether the touchstone has been met does not turn on the "application of mechanical tests or conceptualistic theories relating to the place of contracting or of performance." *Pillai v. Pillai*, 2015 Tex. App. LEXIS 2446, *4-5 (Tex. App.— Amarillo 2015, no pet.) (mem. op.). "Rather, the approach must be 'highly realistic,' and, under it, the contract's creation is normally an intermediate step serving to tie prior business negotiations with future consequences which themselves are the real object of the business transaction." *Id.*, citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 105 (1985). "So, it is the indicia of prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing that are evaluated when assessing if the defendant purposefully established minimum contacts within the forum." *Id.*

Looking to Farris's pleadings, which define the scope of the jurisdiction inquiry, Farris alleged that the Court has jurisdiction because "Defendant conducted business with Plaintiff in Austin. Plaintiff and Defendant entered into an agreement whereby Plaintiff would loan Defendant money towards the purchase of a house, and Plaintiff was to perform his obligations…in whole or in part in the state."[46] This allegation illustrates the fundamental flaw in Farris's specific jurisdiction argument

---

[46] CR p. 16.

and why the trial court does not have specific jurisdiction over Landa. Specifically, Farris's focus, both in his pleading and at the hearing on this matter, is on his own contacts with forum, not Landa's. However, it does not matter that Farris was to conduct his obligations in the state. *See Turner Schilling, L.L.P. v. Gaunce Mgmt.*, 247 S.W.3d 447 (Tex. App.—Dallas 2008, no pet.) ("the plaintiff's performance of part of its contact duties in Texas is not a purposeful contact of the defendant with Texas.").

As set forth above, when determining specific jurisdiction the focus is on whether the liability arose out of the defendant's contacts with the forum, not the plaintiff's. The lack of specific jurisdiction becomes more apparent when reviewing cases where specific jurisdiction was found versus cases where it was not found.

In *Citrin Holdings*, a case relied on by Farris, the court found that specific jurisdiction existed over a nonresident defendant. *Citrin Holdings, L.L.C. v. Minnis*, 305 S.W.3d 269, 278-279 (Tex. App.—Houston [14th Dist.] 2009, no pet.). However, that case is easily distinguishable. *Citrin Holdings* concerned a partnership agreement where 1) the nonresident defendant traveled to Texas multiple times over a period of months to have face-to-face meetings with a Texas resident, 2) a partnership document was drafted in Texas and signed in Texas, and 3) the partnership agreement specifically contemplated that the plaintiff would develop potential projects for the partnership in Texas and would participate in management

12

of the partnership in Texas. *Id.* at 282-84. Thus, the court held that the defendant had purposefully availed himself of conducting business in Texas.

Here, Landa did not have multiple face to face meetings in Texas over a period of months to negotiate the "loan." There was no loan agreement drafted in Texas or anywhere. The performance and purpose of the loan took place in Iowa when the parties opened a bank account in Iowa, the money was deposited into that account in Iowa, and the property was purchased in Iowa.

By way of contrast to *Citrin Holdings*, in a recent case out of the Amarillo Court of Appeals, the trial court's finding of specific jurisdiction was overturned. *Pillai*, 2015 Tex. App. LEXIS 2446. In *Pillai*, two brothers entered into a loan agreement whereby the brother who lived in Texas loaned his brother, who lived in Canada, money to purchase a house in Canada. *Id.* at *1-2. To document the loan, they entered into a written contract which required repayment in monthly installments in Amarillo and that the contract would be construed under Texas law. *Id.* at *2. Further, the Canadian brother visited his brother in Texas several times, though none of trips were related to the loan. *Id.* at *6. The Court of Appeals ultimately held that a court must use a "highly realistic" approach when determining specific jurisdiction which "focuses not only on prior negotiations and contemplated future consequences, but also the terms of the contract and the parties' actual course of dealings." *Id.* at *8.

13

Using that approach, the court held that an agreement to send payments to an address in Texas and a commitment that a written note be construed in accordance with Texas law was not the stuff of purposeful availment so as to establish specific jurisdiction. *Id*. The Court also noted that plaintiff residing in Texas was of no relevance. *Id*.

When looking at the case at hand, *Pillai* is more analogous than *Citrin Holdings*. The sum total of the links between Landa, the transaction, and Texas, is that Landa and Farris met in Dallas for two days at which point there was some general discussion of Farris giving her some money. However, the contacts in this case are even further removed than those in *Pillai*, when there was no loan agreement drafted or entered into, there was no specific requirement to make payments in Texas, and there was no agreement of the applicability of Texas law.

Furthermore, as to the meeting in Dallas, there is no evidence that a contract was entered into at that meeting. For a contact to be formed, the minds of the parties must meet with respect to the subject matter of the agreement and all of its essential terms. *See, e.g., Argo Data Res. Corp. v. Shagrithaya*, 380 S.W.3d 249, 275 (Tex. App.—Dallas 2012, pet. denied). The parties must assent to the same thing in the same sense at the same time. *Id*. Their assent must comprehend the whole proposition, and the agreement must comprise all of the terms that they intend to

14

introduce into it. *Id*. Additionally, the legal obligations and liability of the parties must be sufficiently definite. *Id*.

Here, even assuming everything Farris stated or pleaded is true, there could have been no contract entered into in Dallas because the Parties did not know the amount, the house, or even if a house would be purchased.[47] Thus, there could not have been a meeting of the minds on the essential terms of a contract in Dallas.

Even assuming *arguendo* that a contract was entered into, it was entered into in Iowa once the terms became more definite and not in Dallas. This is demonstrated by the fact that Landa was in Iowa when: (1) she chose the house that would be purchased; (2) decided how much money would be needed; and (3) all negotiations with the lender took place.[48] Further, the funds were wired to a bank account in Iowa,[49] the house was purchased in Iowa[50] and the transaction was closed in Iowa.[51] All the operative facts, therefore occurred in Iowa, and this case falls under the same category as the *Pillai* case, as opposed to the *Citrin Holdings* case. Since the contacts in *Pillai*, which were more than here, were not enough to establish specific jurisdiction, it is error to find specific jurisdiction in this case. Accordingly, the Trial Court's finding of jurisdiction should be reversed.

---

[47] RR p. 116.
[48] RR p. 52.
[49] CR p. 17.
[50] *Id*.
[51] RR p. 30.

15

**E.  The trial court does not have general jurisdiction over Landa (Issue 3).**

General jurisdiction exists when the claims do not arise out of and are not related to the activities in the forum state, but the nonresident defendant has continuous and systematic contacts with the forum state. *See PHC-Minden*, 235 S.W.3d at 168. In the case of general jurisdiction, the Court must find that the defendant's contacts with the forum are so "continuous and systematic" that an exercise of jurisdiction is warranted even though the claim does not arise out of those contacts. This involves a more demanding standard that specific jurisdiction. *CSR, Ltd.*, 925 S.W.2d at 595.

Further, the Supreme Court of the United States has all but shut the door on general jurisdiction, when the alleged contacts are not related to the claims at issue. In *Daimler AG v. Bauman*, the Supreme Court established a strict and clear standard for general jurisdiction over a non-resident by stating that it is permissible "<u>only</u> when the [Defendant's] affiliations with the state in which suit is brought are so constant and pervasive 'as to render it essentially at home in the forum state.'" 2014 132 S. Ct. at 751 (emphasis added), quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2851 (2011). It also noted that general jurisdiction requires affiliation with the forum that is "comparable to a domestic enterprise in that [s]tate." *Id.* at *31, n. 11, citing *Goodyear*, 131 S. Ct. at 2851. The Fifth Circuit subsequently opined on the difficulty of establishing general jurisdiction stating, "It

16

is … incredibly difficult to establish general jurisdiction in a forum other than the place of incorporation or principal place of business." *Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 432 (5th Cir. 2014).[52]  Note that while the *Daimler* and *Goodyear* cases both involved corporate defendants, nothing in those opinions would suggest that the same clear and high standard is not equally applicable in the case of an individual.  In fact, in the *Goodyear* case the Court noted in its opinion that "[f]or an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile."  131 S. Ct. at 2846.

These cases make clear that it is only in extremely rare cases that a court should find general jurisdiction, which has been the longstanding position of both the Fifth Circuit and the Texas Supreme Court.  *See, e.g., Johnston v. Multidata Systems Intern'l Corp.*, 523 F. 3d 602 (5th Cir. 2008) ("Before we apply these principles to this case, it is worthwhile to review past cases to illustrate just how difficult it is to establish general jurisdiction.");  *PHC-Minden*, 235 S.W.3d at 163 (a general jurisdiction analysis requires a "more demanding minimum contacts analysis" with a "substantially higher threshold.").

---

[52] This precedent has also been cited to by Texas Federal Court and Texas State Courts in finding no general jurisdiction. *See, e.g., Locke v. Ethicon, Inc.*, 58 F. Supp. 3d 757, 762 (S.D. Tex. 2014); *Mi Gwang Contact Lens Co. v. Chapa*, 2015 Tex. App. LEXIS 5872, *14-15 (Tex. App.—Corpus Christi 2015, no pet. h.).

Farris pleaded that "The Court has jurisdiction over Defendant as a result of her continuous and systematic contacts, both personal and professional, with Austin, Travis County, Texas, for well over twenty (20) years, up to an including the time this suit was filed."[53] This is not a true statement.

As set forth by the evidence, since 2010 Landa only had limited and intermittent contacts with Texas, and has had none since spring 2014, well before this lawsuit was filed. She is domiciled in Iowa. Landa lived and worked in Iowa, and has done so for the past five years, other than the short period of time she spent in Travis County trying to reconnect with her son.[54] Furthermore, Landa filed state income tax returns for the last five years,[55] demonstrating her intent to remain in Iowa. She does not currently engage in any business in Texas. Looking to the clear guidance provided by the Supreme Court, it cannot be said that Landa's former contacts with Texas make her at home in the forum. Accordingly, the trial court did not have general jurisdiction over Landa, and Landa's special appearance should have been granted.

---

[53] CR p. 16.
[54] RR p. 80.
[55] RR pp. 62-63; RR Landa's Exhibits 1-4.

## X.    CONCLUSION

As established herein, Farris did not plead sufficient facts to bring Landa under the Texas long-arm statue, and the trial court should have granted Landa's special appearance based on her testimony that she is not a resident of Texas. However, even had Farris pleaded sufficient facts, the evidence established that the Court does not have specific jurisdiction over Landa because the alleged liability of Landa does not arise out of and is not related to her contacts with the forum. Similarly, general jurisdiction does not exists because Landa does not have such systematic and continuous contacts so as to render her at home in the forum.

As Landa negated all bases of alleged jurisdiction, the trial court should have found that it does not have personal jurisdiction over Landa, and granted her Special Appearance.  The failure to do so constitutes reversible error. Accordingly, Landa requests that the court reverse the Trial Court's order denying Landa's Special Appearance, and dismiss this case in its entirety. Landa requests such other and further relief to which she may be entitled.

Respectfully submitted,

HANCE SCARBOROUGH, LLP
400 W. 15th Street, Ste. 950
Austin, Texas 78701
Telephone: (512) 479-8888
Facsimile: (512) 482-6891

By: /s/ Terry L. Scarborough
    Terry L. Scarborough
    State Bar No. 17716000
    tscarborough@hslawmail.com
    V. Blayre Pena
    State Bar No. 24050372
    bpena@hslawmail.com

## CERTIFICATE OF COMPLIANCE

Pursuant to Texas Rule of Appellate Procedure 9.4, I hereby certify that this brief contains 4383 words. This is a computer generated document created in Microsoft Word, using 14 point typeface for all text, except for footnotes, which are in 12-point typeface. In making this certificate of compliance, I am relying on the word count provided by the software used to prepare the document.

/s/ Terry L. Scarborough
Terry L. Scarborough

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of Appellants' Brief was served on the following counsel of record on October 21, 2015, via certified mail, return receipt requested, and/or the electronic filing system:

**Counsel for Charles L. Farris**
The Cronfel Firm
Guillermo Ochoa-Cronfel
2700 Bee Cave Rd.
Austin, Texas 78746
(512) 347-9600 Phone
(512) 347-9911 Fax

/s/ Terry L. Scarborough
Terry L. Scarborough

**APPENDIX**

1.  Order Denying Special Appearance of Defendant, Karen E. Landa

# APPENDIX 1

CAUSE NO. D-1-GN-14-004669

CHARLES L. FARRIS,
*Plaintiff,*

§
§
§

v.

§
§

KAREN E. LANDA,
*Defendant*

§
§
§

IN THE DISTRICT COURT OF

TRAVIS COUNTY, TEXAS

98th JUDICIAL DISTRICT

## ORDER DENYING SPECIAL APPEARANCE OF DEFENDANT, KAREN E. LANDA

On the 2nd day of July, 2015, the Court heard, and took under advisement, the Special Appearance of Defendant, Karen E. Landa, in the above-styled and numbered cause. After considering the special appearance, the brief in support, the response, the admissible evidence and the applicable law, the Court is of the opinion that the Special Appearance should be denied.

IT IS, ACCORDINGLY, ORDERED by the Court that the Special Appearance of Defendant, Karen E. Landa is hereby DENIED.

SIGNED this __21__ day of July, 2015.

_____
PRESIDING JUDGE

APPROVED AS TO FORM:

/s/ Guillermo Ochoa-Cronfel
Guillermo Ochoa-Cronfel
THE CRONFEL FIRM
2700 Bee Cave Road, Suite 103
Austin, Texas 78746
Guillermo@thecronfelfirm.com
ATTORNEY FOR PLAINTIFF

/s/ Terry L. Scarborough
Terry L. Scarborough
HANCE SCARBOROUGH L.L.P.
450 W. 15th Street, Suite 950
Austin, Texas 78701
tscarborough@hslawmail.com
ATTORNEY FOR DEFENDANT